IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31458-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHAN MARTIN FILLA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — A Columbia County jury found Johan Filla guilty of one count of unlawful display of a firearm under RCW 9.41.270(1). Mr. Filla challenges the constitutionality of this statute as applied to him. We affirm.

FACTS

In the late hours of May 27, 2012, Mr. Filla and his then girl friend went to the home of an acquaintance to collect on a debt. A dispute ensued, and Mr. Filla eventually pulled out a firearm. The State charged Mr. Filla with one count of unlawful display of a firearm and one count of assault in the second degree. At the trial, Mr. Filla admitted to carrying his pistol, but claimed that he did not remove it from his waistband that night. The acquaintance and her boyfriend, however, testified that Mr. Filla took out his pistol

and either pointed or waived it at the acquaintance. The jury found Mr. Filla guilty on the unlawful display charge and not guilty on the assault charge. He then timely appealed to this court.

ANALYSIS

Mr. Filla's sole argument on appeal is that RCW 9.41.270(1) is unconstitutionally void for vagueness as applied to the facts of this case. "A statute is presumed constitutional and the party challenging the constitutionality of a legislative enactment has the burden of proving it is unconstitutionally vague." *State v. Maciolek*, 101 Wn.2d 259, 263, 676 P.2d 996 (1984). An as applied challenge asks whether "the statute as applied to the particular facts of the case and the party's conduct" is so indefinite as to fail to "provide ascertainable standards of guilt to protect against arbitrary enforcement." *State v. Peterson*, 174 Wn. App. 828, 845, 301 P.3d 1060 (2013).

Mr. Filla argues that RCW 9.41.270(1) is unconstitutionally vague as applied because it did not put him on notice that he could be convicted under the statute for simply carrying a firearm in his waistband. This section of the statute reads:

> It shall be unlawful for any person to carry, exhibit, display, or draw any firearm, dagger, sword, knife or other cutting or stabbing instrument, club, or any other weapon apparently capable of producing bodily harm, in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate another or that warrants alarm for the safety of other persons.

RCW 9.41.270(1).

2

Mr. Filla argues that the jury believed his version of events because it acquitted him on the assault charge. However, the fact that the jury acquitted Mr. Filla does not necessarily mean that the jury accepted his version of events; it simply means that the State did not meet its burden of proving the charge beyond a reasonable doubt. Based on the record, it is possible that the jury could have found that Mr. Filla pulled the weapon from his waistband without committing the crime of assault in the second degree for several reasons: there was no intentional touching, no intent to inflict bodily injury, no intent to create an apprehension and fear of bodily injury, or the drawing of the weapon did not in fact create in another a reasonable apprehension and imminent fear of bodily injury.

In contrast, the statute clearly told Mr. Filla that displaying a weapon with the intent to intimidate the people from whom he was trying to collect a debt was illegal. The verdict does necessarily show that the jury believed that portion of the victims' testimony. The statute was not vague as to that conduct.

Because Mr. Filla has failed to establish that the jury believed his version of events, his as applied challenge necessarily fails.

No. 31458-8-III
*State v. Filla*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____          _____
Fearing, A.C.J.                                                    Lawrence-Berrey, J.